# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER B. TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-694-DRH |
| | ) |
| **DAVID HAYES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a federal criminal defendant currently detained in the St. Clair County Jail, brings this action for deprivations of his constitutional rights by persons acting under state authority pursuant to 42 U.S.C. § 1983 and by persons acting under the color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In Count I of his amended complaint, Plaintiff states that defendants Hayes, Waldrup, and Bumpers, Alton, Illinois, Police Officers, illegally detained him during a traffic stop "under the pretense" of issuing him a citation for failure to display a license plate, then unlawfully arrested him and conducted an illegal search of his vehicle. Plaintiff alleges that the Alton Police Department ("APD") is liable for his constitutional injuries because it was the custom of the Department to make illegal arrests and conduct unconstitutional searches, and because the Department failed to properly train its officers regarding constitutional searches and seizures.

In Count II of his amended complaint, Plaintiff alleges that during his July 2004 arrest on federal drug charges defendants Alton Police Officers Rathgeb and Dorsey, Collinsvillie, Illinois,

Police Officer Zaber, Federal Drug Enforcement Agents Stanfill and Scott, and Bureau of Alcohol, Tobacco, Firearms, and Explosives Agents Matthews, and Nosbisch forced Plaintiff to lie on the ground at gunpoint to be handcuffed, defendants Rathgeb and Matthews interrogated him while he was handcuffed and used "physical force and brutality," and defendant Zaber "tazered" him in his lower back, causing a permanent scar. Plaintiff contends that defendants deprived him of his rights secured by the Fourth, Fifth, and Fourteenth Amendments. Plaintiff further alleges that it was the policy and custom of the Collinsville Police Department ("CPD"), the APD, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the Metropolitan Enforcement Group to make illegal arrests and employ unconstitutional methods to do so. Plaintiff asserts that defendants Nosbisch, Dorsey, Stanfill, and Scott are vicariously liable for the actions of defendants Zaber, Rathgeb, and Matthews. Finally, Plaintiff argues that CPD, APD, ATF, and the Drug Enforcement Agency are liable for the actions of their officers because they were not adequately trained.

*Unlawful Search and Seizure*

As to Plaintiff's first Count, the Court notes that Plaintiff has yet to be convicted or sentenced in the underlying criminal matter in this Court. *See United States v. Taylor*, Case No. 3:04-cr-30095-DRH (S.D. Ill., filed Jul. 22, 2004). However, Fourth Amendment claims for damages for illegal search and seizure may be brought during the pendency of an underlying criminal case. The Seventh Circuit has held that such claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because adjudication of the civil rights claims does not *necessarily* imply the invalidity of an underlying conviction. *See Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998)  Furthermore, Fourth Amendment claims for illegal search or arrest "may be brought immediately," and a defendant need not wait until criminal proceedings have concluded to bring a

civil rights action. *Id.* Based on these legal standards, Plaintiff's claim that defendants Hayes, Waldrup, Bumpers, and the Alton, Illinois, Police Department violated his Fourth Amendment right to be free from unlawful search and seizure cannot be dismissed at this time.

*Excessive Force*

In Count II of his complaint, Plaintiff asserts what is essentially an excessive force claim. Although Plaintiff asserts his rights under the Fourth, Fifth, and Fourteenth Amendments, claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest. *See Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time.

Accordingly, **IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants ***WALDRUP, DORSEY, HAYES, RATHGEB, ZABER, STANFILL, SCOTT, NOSBISCH, MATTHEWS, CITY OF ALTON POLICE DEPARTMENT, CITY OF COLLINSVILLE POLICE DEPARTMENT, METROPOLITAN ENFORCEMENT GROUP, DRUG ENFORCEMENT AGENCY, and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES*** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **13** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until**

**Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants *WALDRUP, DORSEY, HAYES, RATHGEB, ZABER, STANFILL, SCOTT, NOSBISCH, MATTHEWS, CITY OF ALTON POLICE DEPARTMENT, CITY OF COLLINSVILLE POLICE DEPARTMENT, METROPOLITAN ENFORCEMENT GROUP, DRUG ENFORCEMENT AGENCY, and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *WALDRUP, DORSEY, HAYES, RATHGEB, ZABER, STANFILL, SCOTT, NOSBISCH, MATTHEWS, CITY OF ALTON POLICE DEPARTMENT, CITY OF COLLINSVILLE POLICE DEPARTMENT, METROPOLITAN ENFORCEMENT GROUP, DRUG ENFORCEMENT AGENCY, and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** May 19, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**