IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER B. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:04 cv 694 DRH |
| DAVID HAYES, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the plaintiff, Christopher B. Taylor, on September 27, 2004, the Motion to Proceed filed by Taylor on January 4, 2005, the Second Motion for Appointment of Counsel filed by Taylor on February 1, 2005, the Motion to Order Service of Process and Subpoenas as Needed filed by Taylor on April 21, 2005, and the Third Motion for Appointment of Counsel filed by Taylor on June 6, 2005.  The Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** (Doc. 3), the Motion to Proceed is **DENIED AS MOOT** (Doc. 9), the Second Motion for Appointment of Counsel is **DENIED AS MOOT** (Doc. 10), the Motion to Order Service of Process is **DENIED** (Doc. 13), and the Third Motion for Appointment of Counsel is **DENIED AS MOOT** (Doc. 16).

With respect to the plaintiff's motions for appointment of counsel, there is no constitutional or statutory right to counsel for a civil litigant.  Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001);  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness

impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

The plaintiff has failed to meet the threshold burden as there is no showing in any of these motions that he has attempted to secure counsel. The plaintiff may re-file his motion for appointment of counsel provided that he make some showing, by attaching letters and/or affidavits, that he has tried to contact at least three (3) attorneys to represent him in this matter and that they have declined to represent him. The plaintiff should also address the five factors listed above in any subsequent motion for appointment of counsel.

With respect to the remaining two motions, the plaintiff first seeks the necessary forms to

effect service.  These forms already have been mailed to the plaintiff on May 23, 2005.

Secondly, the plaintiff seeks for this case to "proceed" as he has already paid the initial filing fee.  This matter is proceeding and this motion is unnecessary.

**DATED: June 9, 2005.**

>   **s/ Donald G. Wilkerson**
>   **DONALD G. WILKERSON**
>   **United States Magistrate Judge**