Case 3:04-cv-00694-DRH-DGW   Document 77   Filed 06/05/06   Page 1 of 6   Page ID #348

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER B. TAYLOR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:04-cv-694-DRH |
| | ) |
| CITY OF ALTON POLICE DEPARTMENT, | ) |
| CITY OF COLLINSVILLE POLICE | ) |
| DEPARTMENT, METROPOLITAN | ) |
| ENFORCEMENT GROUP, MARK DORSEY, | ) |
| DAVID HAYES, SCOTT WALDRUP, | ) |
| ROREY RATHGEB, and ERIC ZABER, | ) |
| | ) |
|    Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by the defendant, the City of Collinsville Police Department, on December 1, 2005 (Doc. 64). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The underlying events outlined in Count 1 of the amended complaint[1] center upon a traffic stop that occurred on January 22, 2004. Christopher Taylor, the plaintiff,[2] alleges that

---

[1] The original complaint, filed on September 27, 2004, contains additional and more specific factual allegations. However, the amended complaint supersedes the complaint in its entirety. See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).

[2] The criminal charges stemming for the incidents alleged in the amended complaint were tried before a jury in September, 2005 in *United States v. Christopher B. Taylor*, 3:04-cr-30095-DRH-1. He was found guilty of two counts of possession, with the intent to distribute, cocaine

David Hayes, Scott Waldrup (two of the defendants), and Tony Bumpers (a dismissed defendant), who are City of Alton Police officers, detained him and illegally searched him in connection with a traffic stop (Amended Complaint p. 3). He further alleges that the City of Alton maintained an unconstitutional policy and practice of unreasonable searches and seizures (Amend. Comp. p. 5).

Count 2 of the amended complaint concerns the July 22, 2004 arrest of the plaintiff by various state and federal officers. The claims against the federal officers are the subject of this Court's April 6, 2006 Report and Recommendation and will not be repeated in full here.[3] In relevant part, the plaintiff alleges that state officers including defendants Rory Rathgeb, Eric Zaber (Collinsville Police Department (CPD)), and Mark Dorsey (CPD) arrested him in July 22, 2004 in violation of his right to be free from unreasonable force during arrest. He alleges that the actions of these officers "were performed to a custom formulated by the policy-makers of the City of Collinsville Police Department . . . under which police officers regularly arrested persons illegally by using unreasonable and unconstitutional methods " (Amend. Comp. p. 12). He also alleges that the CPD failed to properly train its officers with a motivation to deny persons their Constitutional rights (Amend Comp. pp. 14-16).

The CPD issued a Rule 56 Notice (Doc. 67) after their motion for summary judgment (Doc. 64) was filed. The Plaintiff has failed to respond to the pending motion.

---

base. He has been sentenced to 300 months imprisonment on each count to run concurrently.

[3] Pursuant to Judge Herndon's June 1, 2006 Order (Doc. 75), defendants DEA, ATF, Stanfill, Nosbisch, Matthews, and Scott have been dismissed/granted judgment. The only remaining defendants (with respect to this Count) are state actors and the Metropolitan Enforcement Group, a federal/state task force.

**CONCLUSIONS OF LAW**

This Court finds, and therefore recommends, that the failure of the Plaintiff to respond to the pending motion, despite being given the appropriate notice, is an admission of the merits of the motions pursuant to Local Rule 7.1(c).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated, 105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller, 168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249,

1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

As an initial matter, the plaintiff has sued the City of Collinsville Police Department. There is no indication in the record that the police department is a separate entity (from the City of Collinsville) that is suable under §1983.  See Norman v. City of Evanston, 2006 WL 1043915, *1 (7th Cir. 2006) (citing Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997) and West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997)).  Therefore, it is **RECOMMENDED** that the City of Collinsville be substituted for the City of Collinsville Police Department as a party-defendant.  In addition, as the defendant points out, the city is not responsible for the officers' actions under a theory of *respondeat superior*.  Bradich ex rel. Estate of Bradich v. City of

Chicago, 413 F.3d 688, 690 (7th Cir. 2005); Lawrence v. Kenosha County, 391 F.3d 837, 843-844 (7th Cir. 2004). Therefore, to the extent that the plaintiff is seeking to assert such a liability, his claims must fail.

However, §1983 liability can be found against a municipality where there is: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) common practice that is so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused the constitutional injury." Lawrence, 391 F.3d at 844; See also McGreal v. Ostrov, 368 F.3d 657, 684 (7th Cir. 2004). Besides the allegations in the complaint, which are not evidence,[4] there is no showing that the City of Collinsville had an express policy, an implied policy, or that some person with ultimate authority caused a Constitutional injury. The plaintiff has not met his burden of coming forth with evidence to support this claim.

The plaintiff's a "failure to train" claim also cannot succeed. As there is no evidence to support a finding that the individual officers violated the plaintiff's Constitutional rights, no jury would find that the City failed to adequately train its officers. See Thurman v. Village of Homewood, 446 F.3d 682 (7th Cir. 2006).

In sum, the plaintiff's failure to respond to this motion for summary judgment leaves a vacuum in the record with respect to his claims and is fatal to his claims. See Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997) ("Once a motion as been filed for

---

[4] The amended complaint is not a sworn statement and should not be converted into an affidavit. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004).

summary judgment, the burden shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial.")

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that:

1. The City of Collinsville be replaced as a party-defendant for the City of Collinsville Police Department;

2. The plaintiff's failure to respond to the motion for summary judgment be construed as an admission of the merits of the motion;

3. The motion for summary judgment filed by the defendant, the City of Collinsville, on December 1, 2005 be **GRANTED** (Doc. 64);

4. And, that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 5, 2006**

                     **s/ Donald G. Wilkerson**
                     **DONALD G. WILKERSON**
                     **United States Magistrate Judge**