IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER B. TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:04-cv-694-DRH |
| | ) |
| DAVID HAYES, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

## I. Introduction

This action is before the Court on the Motion for Summary Judgment (Doc. 79), filed by Defendants City of Alton Police Department, Scott Waldrup, Mark Dorsey, David Hayes, and Rory Rathgeb on June 22, 2006, and *sua sponte* on the question of subject matter jurisdiction. For the reasons set forth below, Count I of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, the Motion for Summary Judgment (Doc. 79) is **GRANTED** with respect to Count II only, and the Clerk of the Court is **DIRECTED** to dismiss from this action Defendants City of Alton Police Department, Scott Waldrup, Mark Dorsey, David Hayes, and Rory Rathgeb.

## II. Background

Plaintiff Christopher Taylor,[1] a federal criminal defendant formerly detained in the St. Clair County Jail, brought this action for deprivations of his constitutional rights by persons acting under state authority, pursuant to **42 U.S.C. § 1983,** and by persons acting under the color of federal authority, pursuant to ***Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)**.

The underlying events outlined in Count I of Plaintiff's Amended Complaint[2] (Doc. 12) center upon a traffic stop that occurred on January 22, 2004. Plaintiff alleges that David Hayes, Scott Waldrup (two of the defendants), and Tony Bumbers (a dismissed defendant), who are City of Alton Police officers, detained him and illegally searched him in connection with a traffic stop (Doc. 12, ¶ 5). He further alleges that the City of Alton Police Department maintained an unconstitutional policy and practice of unreasonable searches and seizures (Doc. 12, ¶ 9).

The underlying events alleged in Count II of Plaintiff's Amended Complaint (Doc. 12) concerns the July 22, 2004, arrest of Plaintiff by federal agents,[3] in

---

[1] The criminal charges stemming from the incidents alleged in the amended complaint were tried before a jury in September of 2005, in ***United States v. Christopher B. Taylor*, 3:04-cr-30095-DRH-1**. Plaintiff was found guilty of two counts of possession with the intent to distribute cocaine base. He was sentenced to 300 months imprisonment on both counts, to run concurrently, and five years of supervised release.

[2] The original complaint, filed on September 27, 2004, contains additional and more specific factual allegations (Doc. 1).

[3] The federal agents included Michael Stanfill (DEA), Cindy Scott (DEA), Jeff Matthews (ATF), and Robert Nosbisch (ATF). The claims against these federal agents

which Alton Police Department Officers Rory Rathgeb and Mark Dorsey were involved, along with Collinsville Police Officer Eric Zaber. Plaintiff alleges that these defendants employed unreasonable force, or failed to prevent such force, when he was being arrested and interrogated (Doc 12 at ¶¶ 7-14). Specifically, Plaintiff alleges that the defendants forced him to lie on the ground at gunpoint to be handcuffed, that defendants Rorey Rathgeb and Jeff Matthews (dismissed) interrogated him while he was handcuffed, and that "physical force and brutality" was used against him in that Defendant Eric Zaber "tazered" him in his lower back, allegedly causing a permanent scar. Plaintiff contends that Defendants thereby deprived him of his rights secured by the Fourth, Fifth, and Fourteenth Amendments. Plaintiff asserts that Defendants Robert Nosbisch (dismissed), Mark Dorsey, Michael Stanfill (dismissed), and Cindy Scott (dismissed) are vicariously liable for the actions of defendants Eric Zaber, Rorey Rathgeb, and Jeff Matthews (dismissed). Plaintiff also contends that the City of Alton Police Department is liable failing to properly and adequately train its officers concerning acceptable limits on use of force.

In the Motion for Summary Judgment (Doc. 79), Defendants argue that the undisputed facts show, with regard to Count I, that there was probable cause to stop Plaintiff for trespassing and for the lack of a license plate on the front of his vehicle. They further allege that there was probable cause for the arrest, and the

---

were dismissed by the Court with prejudice (Doc. 75).

search incident thereto, because Defendants had reason to believe that a crime had been committed by plaintiff, due to "the plaintiff's own compliance with questioning and the circumstances known to the officers." (Doc. 80 at 2). In support, Defendants point out that the Court, in Plaintiff's criminal matter,[4] already concluded that probable cause existed with respect to the January 22, 2004, arrest of Plaintiff when it denied Plaintiff's motion to suppress.

With regard to Count II of his Amended Complaint (Doc. 12), Defendants contend that Rathgeb and Dorsey are entitled to summary judgment in their favor because there is no description of the basis for an allegation of excessive force included in the pleadings and, further, there is no evidence to suggest that any excessive force was used by Rathgeb or Dorsey in Plaintiff's July 22, 2004, arrest. They also allege both that there was no underlying constitutional violation from which Rathgeb and Dorsey could be held vicariously liable; even if there were such a violation by Officer Eric Zaber's use of a tazer, they argue, there did not exists a realistic opportunity to intervene and prevent Zaber's alleged unconstitutional conduct..

### III. Analysis

**A.    Count I**

In the Motion for Summary Judgment (Doc. 79), Defendants argue that the undisputed facts demonstrate, with regard to Count I of Plaintiff's Amended

---

[4] ***United States v. Christopher B. Taylor***, 3:04-cr-30095-DRH-1

Complaint, that there was probable cause to stop Plaintiff both for trespassing and for the lack of a license plate on the front of his vehicle. They further allege that there was probable cause for the arrest and the search incident thereto because Defendants had reason to believe that a crime had been committed by plaintiff, due to "the plaintiff's own compliance with questioning and the circumstances known to the officers." (Doc. 80 at 2). In support, Defendants point out that the Court, in Plaintiff's criminal matter,[5] already concluded that probable cause existed with respect to the January 22, 2004, arrest of Plaintiff when it denied Plaintiff's motion to suppress. In addition, Defendants assert that where there is no underlying constitutional violation, the City of Alton Police Department cannot be held liable for deliberate indifference with respect to training.

Although the Court is under the impression that Defendant's have met their burden of establishing that there is no genuine issue as to any material fact such that Defendant is entitled to a judgment as a matter of law, this Court is precluded from entering summary judgment on this claim under ***Wallace v. Kato,* 127 S.Ct. 1091 (2007)** and ***Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)**. As explained below, we must instead dismiss Count I without

---

[5] ***United States v. Christopher B. Taylor*, 3:04-cr-30095-DRH-1**

prejudice. Although neither party addressed this issue in their filings, the Court

must address this issue *sua sponte* as it is a matter of subject matter jurisdiction, which cannot be waived.

In **Heck,** the Supreme Court declared the watershed rule that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would , the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

**Heck, 512 U.S. at 486-87** (emphasis in original). Because Plaintiff was convicted in his criminal matter after this § 1983 suit was initiated, this Court must consider whether a ruling favorable to Plaintiff on Count I of his § 1983 claim would necessarily imply the invalidity of his criminal conviction. If so, Count I must be dismissed unless Plaintiff's can demonstrate that his conviction has already been invalidated.

In Count I of his complaint, Plaintiff alleges that he was detained illegally and that the subsequent search was unlawful because Defendants lacked probable cause. As Defendants are quick to point out, this Court denied Plaintiff's motion

7

to suppress in his criminal matter, finding that there was probable cause to detain Plaintiff and affect his arrest.  If Plaintiff were to prevail in Count I of his § 1983 action, it would necessarily imply the invalidity of his criminal matter, because evidence was allowed at trial on the basis that there was probable cause for Plaintiff's detention and the search incident to his arrest.  Plaintiff's conviction is valid and has not been invalidated.  Therefore, Count I is **DISMISSED WITHOUT PREJUDICE**. *Wallace*, **127 S.Ct. at 1098** ("If the plaintiff is ultimately convicted . . . *Heck* will require dismissal . . .").  This Court provides no opinion on the effect a later invalidation of Plaintiff's criminal conviction may have on Plaintiff's ability to file again Count I of his § 1983 claim, in light of issues relating to the statute of limitations. *See Wallace*, **127 S.Ct. at 1099 FN 4** (stating, in dicta, that *Heck* was not intended to produce immunity from § 1983 liability if the statute of limitations were to run before a criminal conviction was invalidated).

### A.     Count II

####   1.     Jurisdiction

Defendants argue in their Motion for Summary Judgment (Doc. 79) that the undisputed facts demonstrate that officers Rathgeb and Dorsey are entitled to summary judgment as a matter of law with regard to Count II of Plaintiff's Amended Complaint, which alleges an excessive force claim.  Again, because Plaintiff was convicted in his criminal matter after this § 1983 suit was initiated, this Court must consider whether a ruling favorable to Plaintiff on Count II of his

8

§ 1983 claim would necessarily imply the invalidity of his criminal conviction. If so, Count II must be dismissed unless Plaintiff's can demonstrate that his conviction has already been invalidated. If not, the Court may consider the motion for summary judgment.

On this count, **Heck** does not require dismissal. If this Court were to rule in Plaintiff's favor on his excessive force claim, it would not necessarily imply the invalidity of his criminal conviction. Whether Rathgeb or Dorsey used excessive force in affecting Defendant's arrest does not go to the merits of whether he was guilty of the crime of possession of cocaine with the intent to distribute. That is, even if Plaintiff prevailed in this civil suit on Count II, such a result would not necessarily imply that Defendant's criminal matter is invalid. Therefore, the Court may exercise jurisdiction over Count II of the Motion for Summary Judgment and properly issue a decision on the merits.

    2.    <u>Legal Standard</u>

Pursuant to **Federal Rule of Civil Procedure 56(c)**, summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Haefling v. United Parcel Service, Inc.*, 169 F.3d 494, 497 (7th Cir. 1999)**; ***Dempsey v. Atchison, Topeka and Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994)**. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue

must be resolved against the moving party.  ***Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970)**; ***Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999)**.  A fact is material if it is outcome determinative under applicable law.  ***Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999)**; ***Smith on behalf of Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997)**; ***Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1173 (7th Cir. 1997)**.  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  ***Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997)**; ***Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994)**; ***Dempsey*, 16 F.3d at 836.**  Finally, summary judgment "will not be defeated simply because motive or intent are involved." ***Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994)**.  ***See also Miller*, 168 F.3d at 312;** ***Plair*, 105 F.3d at 347**; ***Cf. Hong v. Children's Memorial Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993)**; ***Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1258 (7th Cir. 1993)**.

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of
> determining whether there is the need for a trial--

10

>whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
>[T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)**; ***See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986);** *Haefling,* **169 F.3d at 497-98;** *Sybron Transition Corp. v. Security Ins. Co. of Hartford,* **107 F.3d 1250, 1255 (7th Cir. 1997);** *Weinberger v. State of Wis.*, **105 F.3d 1182, 1188 (7th Cir. 1997).** In addition, this Court's local rules provide that failure to timely file an answering brief to a motion for summary judgment may, in the court's discretion, be considered an admission of the merits of the motion. **SDIL-LR 7.1(c)**.

    3.    <u>Application</u>

In this case, Plaintiff has failed to timely respond to Defendant's Motion for Summary Judgment. In fact, Plaintiff has failed to file any response whatsoever. The Court finds that this failure of the Plaintiff to respond to the pending motion for summary judgment, despite being given the appropriate notice, is an admission of the merits of the motion pursuant to Local Rule 7.1(c). Accordingly,

the Court will accord due weight to Defendant's allegations in their motion for summary judgment.

Under Count II, Plaintiff alleges Defendants Rathgeb and Dorsey either used excessive force or are vicariously liable for the actions of Officer Zaber in using a tazer device on Plaintiff. Further, Plaintiff alleges that the City of Alton Police Department is liable for its failure to adequately train its officers in the proper amount of force to be used.

A claim that excessive force was used during an arrest is evaluated under the Fourth Amendment's objective reasonableness standard. **Sallenger v. Oakes, 473 F.3d 731, 739 (7th Cir. 2007)**. Whether force used was excessive is determined by viewing the "totality of [the] circumstances," judged from the perspective of a reasonable officer on the scene, and weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. **Id.**

To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. **Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)**. In addition, a defendant cannot be held personally liable in a § 1983 action under the theory of respondeat superior; however, a defendant satisfies the personal responsibility requirement of § 1983 if the conduct causing excessive force occurs at his direction or with his knowledge and consent, such that he knows about conduct and facilitates it,

12

approves it, condones it, or turns a blind eye. *Id.* That is, "some causal connection or affirmative link between the action complained about and the official sued is necessary for a § 1983 recovery." *Id.*

In this case, Defendants allege, and Plaintiff has failed to dispute, that there is no evidence nor facts allege to support a finding that Rathgeb or Dorsey personally used excessive force against Plaintiff. Further, Plaintiff has failed to dispute the allegation that Rathgeb and Dorsey did not have a realistic opportunity to intervene to prevent Officer Zaber from using the tazer device, even assuming it was excessive force to use the tazer in these circumstances. Viewing the facts in the light most favorable to the plaintiff for summary judgment purposes, the Court finds that Defendants Rathgeb and Dorsey are entitled to summary judgment. Neither Rathgeb or Dorsey exercised supervisory powers over Officer Zaber, and there has been no allegation that either of them directed Officer Zaber to use a tazer or other force. Further, the Court accepts, as undisputed fact, that Rathgeb and Dorsey did not have a realistic opportunity to intervene in the use of the tazer, and there is no evidence to suggest that Rathgeb or Dorsey either knew that the tazer would be used, or condoned such use, prior to its use on Plaintiff. There is simply no causal connection or affirmative link between Plaintiff's allegation of excessive force and Defendants Rathgeb and Dorsey.

Likewise, the City of Alton Police Department cannot be held liable for failing to adequately train its officers where there is no underlying constitutional violation found. Therefore, The Motion for Summary Judgement is **GRANTED**

13

with regard to Count II of Plaintiff's Amended Complaint as against Defendants Rathgeb, Dorsey, and the City of Alton Police Department.

## IV.   Conclusion

For the forgoing reasons, Count I of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, the Motion for Summary Judgment (Doc. 79) is **GRANTED** with respect to Count II, and the Clerk of the Court is **DIRECTED** to dismiss Defendants City of Alton Police Department, Scott Waldrup, Mark Dorsey, David Hayes, and Rory Rathgeb from this action.

**DATED: March 27, 2007**

/s/      David   RHerndon
**United States District Judge**