IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER B. TAYLOR,                 )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )          Case No.: 3:04-cv-694-DRH
                                       )
ERIC ZABER,                            )
                                       )
         Defendant.                    )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the

Motion to Dismiss for Lack of Prosecution (Doc. 84), filed by Defendant Zaber on January 8,

2007.  For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**,

that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and

conclusions of law:

### FINDINGS OF FACT

Plaintiff Christopher Taylor,[1] a federal criminal defendant formerly detained in the St.

Clair County Jail, brought this action for deprivations of his constitutional rights by persons

acting under state authority, pursuant to 42 U.S.C. § 1983, and by persons acting under the color

of federal authority, pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

---

[1] The criminal charges stemming from the incidents alleged in the amended complaint
were tried before a jury in September of 2005, in United States v. Christopher B. Taylor, 3:04-cr-
30095-DRH-1.  Plaintiff was found guilty of two counts of possession with the intent to
distribute cocaine base. He was sentenced to 300 months imprisonment on both counts, to run
concurrently, and five years of supervised release.

Following the Court's March 27, 2007 Memorandum and Order (Doc. 85), only Count II against

Defendant Zaber remains.

The underlying events alleged in Count II of Plaintiff's Amended Complaint (Doc. 12)

concern the July 22, 2004, arrest of Plaintiff by federal agents,[2] in which Alton Police

Department Officers Rory Rathgeb and Mark Dorsey were involved, along with Collinsville

Police Officer Eric Zaber.  Plaintiff alleges that these defendants employed unreasonable force,

or failed to prevent such force, when he was being arrested and interrogated (Doc 12 at ¶¶ 7-14).

Specifically, Plaintiff alleges that the defendants forced him to lie on the ground at gunpoint to

be handcuffed, that defendants Rorey Rathgeb (dismissed) and Jeff Matthews (dismissed)

interrogated him while he was handcuffed, and that "physical force and brutality" was used

against him in that Defendant Eric Zaber "tazered" him in his lower back, allegedly causing a

permanent scar.  Plaintiff contends that Defendants thereby deprived him of his rights secured by

the Fourth, Fifth, and Fourteenth Amendments.

Defendant Zaber was served with process and responded to Plaintiff's Amended

Complaint (Doc. 12), by filing an Answer (Doc. 41) on September 15, 2005.  On June 21, 2006,

this Court entered a Scheduling Order (Doc. 78), which granted Defendants leave to depose

Plaintiff on the condition that prior arrangements be made with the warden at the institution

where plaintiff is confined.  That same order further stated, "Plaintiff is to advise the Court and

opposing counsel of any changes in his mailing address within 7 days of the address change,"

---

[2] The federal agents included Michael Stanfill (DEA), Cindy Scott (DEA), Jeff Matthews (ATF), and Robert Nosbisch (ATF).  The claims against these federal agents were dismissed by the Court with prejudice (Doc. 75).

and, "Failure to do so will result in sanctions which may include dismissal." (Doc. 78).  This order was mailed to Plaintiff at his address of record on June 21, 2006, and was not returned as undeliverable.

On June 5, 2006, Defendant Zaber filed a Motion to Compel (Doc. 76) alleging that Plaintiff had failed to respond to discovery that Defendant Zaber had propounded on January 17, 2006, and January 20, 2006.  After Plaintiff failed to respond to the motion, the Court issued an Order (Doc. 82), which granted the motion and ordered Plaintiff to respond to the discovery requests, without objection, by July 21, 2006.  The Court noted that Plaintiff had not responded to any motion filed by the various defendants in the lawsuit since filing his amended complaint on March 30, 2005.  The Court then warned Plaintiff that "failure to comply with this Order **SHALL** result in sanctions outlined by Federal Rule of Civil Procedure 37(b)(2) including a Report and Recommendation to the District Court that the plaintiff's claims against Eric Zaber be stricken from the amended complaint." (Doc. 82) (emphasis in original).  This order was mailed to Plaintiff at his address of record on June 29, 2006.

The instant Motion to Dismiss (Doc. 84) informs the Court that Plaintiff has failed to comply with the Court's June 27, 2006 Order (Doc. 82), because he has not responded to Defendant Zaber's discovery requests.  Accordingly, Defendant Zaber requests that the Court make good on its warning to Plaintiff regarding the consequences of failing to respond to the Court's Order.  Moreover, Plaintiff has not responded to that motion.

In addition, on April 10, 2007, a separate order was returned as undeliverable after being sent to Plaintiff's address of record, and to date Plaintiff has failed inform the Court of his address as required by the Court's June 21, 2006 Scheduling Order (Doc. 78).

3

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. It is clear in this case that Plaintiff is not actively prosecuting this lawsuit. Specifically, Plaintiff has repeatedly failed to respond to discovery propounded by Defendant Zaber, and has further failed to provide any explanation for the failure to do so. Plaintiff has failed to respond to this Court's June 26, 2006 Order that ordered Plaintiff to respond to the discovery requests, and which specifically warned Plaintiff that failure to so respond would result a recommendation that his case be dismissed.

In light of his neglect of the case and the Court's specific warning that the action is in jeopardy of being dismissed, dismissal for want of prosecution is appropriate at this time. Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995). Plaintiff has offered no excuse for the failure to prosecute and has failed to respond to this Court's orders.

Failing to notify the Court and opposing counsel of Plaintiff's change of address is another example of how Plaintiff has failed to timely prosecute this matter. It is readily apparent that Plaintiff has failed to inform the Clerk's Office of his current address, as required by SDIL-LR 3.1 and this Court's Scheduling Order (Doc. 78), as evidenced by the returned mail on April 10, 2007. Plaintiff was unambiguously warned by this Court of the consequences of failing to notify the Court within seven days of an address change in the Court's Scheduling Order (Doc. 78), but he has failed to do so.

As Plaintiff has offered no excuse for his failure to prosecute, and the Court finds that he has failed to timely prosecute this matter, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 84) be **GRANTED**.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 84) be **GRANTED**, that this matter be **DISMISSED** for want of prosecution, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 6, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**