IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER B. TAYLOR,**

**Plaintiff,**

**v.**

**ERIC ZABER,**

**Defendant.**                                        **No. 04-CV-694-DRH**

**ORDER**

**HERNDON, District Judge:**

Plaintiff Christopher B. Taylor ("Plaintiff") filed an amended complaint (Doc. 12) alleging that Defendants used unreasonable force, or failed to prevent such force, while Plaintiff was being detained at the Alton Police Department. At this point, the only remaining claim is Count II against Defendant Eric Zaber. All other counts and defendants have been terminated in previous orders. On January 8, 2007, Defendant Zaber filed a motion to dismiss (Doc. 84) requesting that the Court dismiss this case since Plaintiff has failed to prosecute this matter or comply with the Court's orders.[1]

---

[1] Plaintiff appeared before this court as a criminal defendant in **United States v. Christopher B. Taylor, 3:04-cr-30095-DRH-1** and was found guilty of two counts of possession with the intent to distribute cocaine base. It has come to the Court's attention that the Clerk's Office does have the correct mailing address for Christopher Taylor under his criminal case. Therefore, it is with some reservation that the Court adopts this Report. The Court has been advised that pursuant to **SDIL-LR 3.1**, which states that all petitioners and plaintiffs who proceed *in forma pauperis* have a "continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location" that clerks are directed not to change the mailing address of any party without the party advising the Clerk of Court of a change of address. The Court is concerned,

This matter now comes before the Court on a Report and Recommendation (the "Report") issued by United States Magistrate Judge Donald G. Wilkerson on August 6, 2007 pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 87.) Magistrate Judge Wilkerson's Report recommends that the motion to dismiss be granted. (*Id.*)

Under **Rule 73.1 of the Local Rules of the Southern District of Illinois**, the parties had ten days in which to serve and file written objections to the Report. As of this date, no objections have been filed. The ten-day period in which parties may file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct de novo review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Accordingly, the Court **ADOPTS** Judge Wilkerson's Report (Doc. 87) and **GRANTS** Defendant Zaber's motion to dismiss. (Doc. 84.)

**IT IS SO ORDERED.**

Signed this 4th day of September, 2007.

/s/         DavidRHerndon

**United States District Judge**

---

however, that this rule may go too far if the Clerk is aware of the correct mailing address for a party, albeit in a different case. If Plaintiff had not been explicitly warned in a Court Order that he must "advise the Court and opposing counsel of any changes in his mailing address within 7 days of the address change, " and "Failure to do so will result in sanctions which may include dismissal" (Doc. 78), the Court would be more leery about adopting this Report. However, since Plaintiff had been duly warned in an Order that was mailed to him and never returned (so presumably he received it), the Court believes that no injustice is done by dismissing this case.